# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:19-cr-102 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| BENJAMIN FONTANEZ, III, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

On November 14, 2019, defendant Benjamin Fontanez, III ("Fontanez" or "defendant") was sentenced to a custody term of 79 months, following his guilty plea to possession with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi). (Doc. No. 25 (Judgment); *see* Minutes of Proceedings [non-document], 11/14/2019; Doc. No. 18 (Plea Agreement); *see also* Doc. No. 16 (Superseding Indictment).) Now before the Court is Fontanez's *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 35 (Motion).) Appointed counsel filed a notice of intent not to supplement the motion. (Doc. No. 36 (Notice).) Plaintiff United States of America (the "government") filed an opposition to the motion. (Doc. No. 38 (Response).).

The Court employs a two-step approach to deciding whether to reduce a sentence based on a retroactive amendment to the federal sentencing guidelines. First, the Court must consider the scope of the reduction authorized by the amendment, and then it must consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a). *Dillon v. United States*,

560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010) (citing § 3582(c)(2)).

Fontanez moves for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(o). Specifically, he argues that he is eligible for a reduced sentence under Amendment 821, Part A, which affected the sentencing guidelines' treatment of offenses committed while under a criminal justice sentence. (*See* Doc. No. 35, at 1.) Part A of Amendment 821, which now appears in the guidelines at § 4A1.1(e), limits the criminal history impact of "status points," decreasing them by 1 point for individuals with 7 or more criminal history points and eliminating status points for those with 6 or fewer criminal history points. *See* U.S.S.G. § 4A1.1(e). The Amendment was given retroactive effect, provided that any order reducing a term of imprisonment based on retroactive application of Amendment 821 have an effective date of February 1, 2024, or later. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

The government opposes the motion on the ground that Fontanez is not eligible for relief under Part A. (Doc. No. 38, at 1.) Specifically, the government argues that the application of Part A would have no effect on Fontanez's advisory guideline range (*id.* at 3), as he was not subject to a term of imprisonment based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission. The Court agrees with the government's position.

At the time of sentencing, the Court calculated Fontanez's base offense level to be 28. (*See* Doc. No. 31 (Transcript from Sentencing Hearing), at 3.) After a 3-level reduction for acceptance of responsibility was applied, the resulting total offense level was 25. (*See id.*; *see also* Doc. No. 22 (Final PSR), at 5 ¶¶ 21–23.)

Fontanez had numerous prior convictions, which collectively scored 4 criminal history points. (*See* Doc. No. 31, at 4; *see also* Doc. No. 22, at 6–12 ¶¶ 26–41.) Because Fontanez committed the instant offense while he was under a criminal justice sentence in state court, he received 2 additional "status points" under § 4A1.1(d). (*See* Doc. No. 31, at 4; *see also* Doc. No. 22, at 12 ¶ 42.) With a total of 6 criminal history points, Fontanez was a criminal history category III. (*See* Doc. No. 31, at 4; *see also* Doc. No. 22, at 12 ¶ 43.) With a criminal history category of III (and a total offense level of 25), the advisory guideline range was 70 to 87 months. (*See* Doc. No. 31, at 4; *see also* Doc. No. 22, at 15 ¶ 65.) The Court sentenced Fontanez to a within-guideline custody term of 79 months. (Doc. No. 25; *see* Doc. No. 31, at 19.)

Under Part A of Amendment 821, Fontanez criminal history score is reduced by 2, which still corresponds to a criminal history category III, and his advisory sentencing guideline range remains 70 to 87 months. Because his guideline range is undisturbed by the Amendment, he is ineligible for a reduction under Part A of Amendment 821.

Since the amended guidelines concerning status points would not have affected the calculation of Fontanez's sentence, he is, therefore, ineligible for a reduction based on Part A of Amendment 821 concerning "status points." Further, because Fontanez is ineligible for a sentence reduction based on the Amendment, the Court does not proceed to the second step of evaluating whether the factors under 18 U.S.C. § 3553(a) justify reducing the sentence.

For the foregoing reasons, defendant's motion to reduce his sentence (Doc. No. 35) is DENIED.

**IT IS SO ORDERED**.

Dated: April 11, 2024

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**